UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60284-BLOOM/Valle

CALEB WISTAR and ERNEST MAYEAUX,

     Plaintiffs,
v.

RAYMOND JAMES FINANCIAL SERVICES, INC., *et al.*,

     Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Raymond James Financial Services, Inc. ("RJFS") and Raymond James Financial Services Advisors, Inc.'s ("RJFSA") (collectively referred to as "Defendants" and/or "Raymond James") Motion to Dismiss Second Amended Complaint (the "Motion"), ECF No. [49]. The Court has reviewed the Motion, all supporting and opposing submissions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, Defendants' Motion to Dismiss is denied.

### I. BACKGROUND

On February 11, 2016, Plaintiffs Caleb Wistar and Ernest Mayeaux ("Plaintiffs"), on behalf of themselves and on behalf of those similarly situated (collectively, the "Customers" or "Class Members"), filed the instant action against Defendants Raymond James. ECF No. [1]. On August 8, 2018, Plaintiffs filed their Second Amended Class Action Complaint ("SAC"). ECF No. [38]. In the SAC, Plaintiffs assert that Raymond James' Customers were charged an unauthorized and unreasonable "Processing Fee" (sometimes labeled as a "Misc. Fee"), when it executed trades for their Customers in the "Passport Investment Account Program" ("Passport Account"). *Id.* at ¶ 1.

The Passport Account is a Raymond James commission-free account. *Id.* Customers who signed up for the Passport Account program were not supposed to be charged any commissions on individual trades. *Id.* at 3. Instead, these Customers were charged a single "Advisory Fee" based on the total value of the qualifying assets in their Passport Accounts. *Id.*

The SAC alleges that the Raymond James Customers who opened a Passport Account were required to sign a "Passport Non-Discretionary Client Agreement" or "Passport Discretionary Client Agreement" (the "Passport Agreement"). *Id.* at ¶ 4. Customers agreed to pay for "transaction execution and clearing services" at a "flat fee per transaction . . . herein referred to as a 'Processing Fee.'" *Id.* at ¶ 5. The Processing Fee charged during all relevant periods ranged from $9.95-$30.00. *Id.* The Processing fee was in addition to a charge per transaction for handling. *Id.* The Passport Agreement made clear that the Processing Fees are not "commissions, but are to defray the expenses incurred in facilitating the execution and clearing of Client's portfolio transactions." *Id.* at ¶ 6. The Plaintiffs claim, however, that the expenses incurred by Raymond James in facilitating the execution and clearing of a Customer's transactions were significantly lower than the Processing Fees charged by Raymond James. *Id.* at ¶ 7. The SAC alleges that the cost incurred by Raymond James for these trades was no more than $5.00 per transaction. Therefore, the Processing Fee charged contained up to a 1000% mark-up for profit in some instances. *Id.* Thus, it was an unauthorized commission in an account that is supposed to be commission-free. *Id.*

Plaintiffs allege that because "Raymond James charged an unauthorized and unreasonable 'Processing Fee' for trades, and because this "Processing Fee" was far in excess of, and not directly or reasonably related to, the 'expenses incurred in facilitating the execution and

clearing' of trades, contractual and common law duties owed to Customers were breached." *Id.* at ¶ 10.

Plaintiffs assert claims for breach of contract and negligence. Defendants move to dismiss the SAC as failing to state claims under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual

allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*quoting Iqbal*, 556 U.S. at 682).

### III.    DISCUSSION

Plaintiffs allege three causes of action against the Defendants: a claim for breach of contract asserted against RJFSA (Count I), a claim for breach of contract asserted against RJFS (Count II), and a claim for negligence asserted against RJFS (Count III). Defendants move to dismiss all of Plaintiffs' claims. They argue that, as to the breach of contract claims, Plaintiffs have failed to identify the contractual provisions that Raymond James breached and the contract language itself negates the Plaintiffs' claims. With respect to Plaintiffs' negligence claim, Defendants argue that it is barred by the independent tort rule. The Court will address each argument in turn.

#### A.    *Breach of Contract Claims*

In Counts I and II, Plaintiffs allege breach of contract claims against both RJFSA and RJFS respectively. The Plaintiffs assert that RJFSA entered into the Passport Agreement for itself, and as agent for its principal, RJFS. *Id.* at ¶ 53. RJFS entered into the Passport Agreement through its agent RJFSA. *Id.* at ¶ 66. Under Florida law, the elements of breach of contract are: (1) the existence of a contract, (2) a breach thereof, and (3) damages flowing from the breach. *Knowles v. C. I. T. Corp.*, 346 So. 2d 1042, 1043 (Fla. 1st DCA 1977).

In the SAC, Plaintiffs claim that Raymond James beached the Passport Agreement by charging its Passport Account Customers a Processing Fee, which bore no reasonable

4

relationship to the direct and actual costs in executing and clearing the fee investment transactions. ECF No. [1], at ¶¶ 59, 72. Defendants argue that Plaintiffs' Breach of Contract claims should be dismissed because Plaintiffs fail to identify what specific terms of the Passport Agreement Raymond James allegedly breached, and that the breach of contract claims are otherwise premised on a term that either does not exist or is contradicted by the Passport Agreement's express terms. ECF No. [49], at 3-4.

Defendants cite to several cases supporting the proposition that a breach of contract claim should be dismissed where a plaintiff fails to identify the specific contractual provision a defendant is alleged to have breached, including two decisions authored by this Court. *Id.* at 4-5. However, Defendants' reliance on these decisions is misplaced. Unlike in the present case, the plaintiffs in the decisions cited in Defendant's Motion could note cite to a specific contract provision in bringing their breach of contract claims. *See e.g., Anderson v. Branch Banking & Tr. Co.*, 56 F. Supp. 3d 1345, 1352–53 (S.D. Fla. 2014) (dismissing breach of contract claims where the plaintiffs failed to identify a specific contractual provision that they alleged had been breached, and where the claims themselves were premised on an agreement the plaintiffs admitted they did not have in their possession); *see also Brown v. Capital One Bank (USA), N.A.*, No. 15-60590-CIV, 2015 WL 5584697, at *3 (S.D. Fla. Sept. 22, 2015) (dismissing a breach of contract claim where plaintiffs alleged the existence of a written contract but failed to identify the specific contractual provisions the defendant allegedly breached). A review of the SAC in this case reveals the opposite.

In their Response, Plaintiffs contend that the SAC clearly alleges which provisions of the Passport Agreement they claim Raymond James breached. ECF No. [53], at 5. Specifically, the

Plaintiffs argue that the SAC cites to four provisions in the Passport Agreement that the Defendants breached, which include the following:

- Customers agree to pay "a quarterly Advisory Fee . . . this fee is based on the level of assets in [their] Account, independent of the level of trading activity." ECF No. [38], at ¶ 38 (quoting the Passport Agreement attached as Exhibit B to the SAC, at 5);
- Customers agree to pay a "flat fee per transaction," for "transaction execution and clearing services." ECF No. [38], at ¶ 42 (quoting the Passport Agreement attached as Exhibit B to the SAC, at 1-2);

- Customers understand that the "Investment Adviser Representative will not share in any Processing Fee. Processing Fees are not commissions, but are to defray the expenses incurred in facilitating the execution and clearing of Client's portfolio transactions." ECF No. [38], at ¶ 43 (quoting the Passport Agreement attached as Exhibit B to the SAC, at 2); and

- "[Customers] should also consider whether it would be better for [the Customer] to pay separately for each trade [the Customer] execute[s] and each product and service [the Customer] use[s]." ECF No. [38], at ¶ 39 (quoting the Passport Agreement attached as Exhibit B to the SAC, at 5).

Plaintiffs essentially argue that the Processing Fee Raymond James charged its Customers was a *de facto* commission in violation of the above provisions of the Passport Agreement. Based on the above, the Court agrees with the Plaintiffs that they have adequately identified the provisions in which they claim the Defendants have breached.

Defendants further argue that the Plaintiffs cannot escape the express terms of the Passport Agreement. ECF No. [49], at 7-8. Under general contract principles, the plain meaning of a contract's language governs its interpretation. *Belize Telecom, Ltd. v. Belize,* 528 F.3d 1298, 1307 & n. 11 (11th Cir.2008). The court must look at the contract as a whole, the parties, and the purpose of the agreement to best determine the intent of the parties in interpreting the agreement. *Pennzoil Co. v. F.E.R.C.,* 645 F.2d 360, 388 (5th Cir. 1981). In reviewing a breach of contract claim on a motion to dismiss, courts must construe contracts in such a way as to give

reasonable meaning to all provisions, rather than leaving part of the contract useless. *Novoneuron Inc. v. Addiction Research Inst.*, Inc., 326 Fed. Appx. 505, 508 (11th Cir. 2009). Here, given the allegedly high mark-up, Plaintiffs are asserting that in application the Processing Fee was not a "fee" but rather a "commission," and that the Processing Fee was not being used to "defray" costs because it was significantly higher than the actual fees being incurred by the Defendants, and that the charging of such fees was a breach of the terms of the Passport Agreement. Further, to the extent that there is any ambiguity as to whether Raymond James was allowed to charge a Processing Fee in excess of the actual costs associated with executing and clearing of a transaction, such ambiguity would be construed against Raymond James, as the drafting party. *See Cardoso v. Coelho*, 596 F. App'x 884, 886 (11th Cir. 2015) (citing *Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985)).

Accordingly, the Court finds that Plaintiffs have sufficiently alleged claims for breach of contract. Defendants' Motion to Dismiss as to Counts I and II are denied.

### B. Negligence Claim

In its last cause of action, Plaintiffs allege a claim for negligence against the Defendants. Plaintiffs claim that the Processing Fee at issue in this case violates both the express terms of the Passport Agreement and the common law standard of care owed by Raymond James to Plaintiffs and their fellow Class Members. ECF No. [38], at ¶ 48. To properly plead a negligence claim under Florida law, a plaintiff must allege four elements: (1) a duty; (2) breach of that duty; (3) causation; and (4) harm. *Florida Dept. of Corrections v. Abril*, 969 So.2d 201, 205 (Fla. 2007) ("[A] plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages.").

Defendants argue that Plaintiffs' negligence claim fails because it "fails to allege conduct that is independent from the alleged breach." ECF No. [49], at 8. Conversely, Plaintiffs argue that the independent tort rule mandates not "whether the identical conduct forms the basis of the claims, but rather whether an independent legal duty exists." ECF No. [53], at 12.

The Court agrees with the Plaintiffs, and finds that they have sufficiently alleged that Raymond James owed Plaintiff and the class a duty of care separate and apart from the contract. *Brink v. Raymond James & Assocs., Inc.*, No. 15-60334-CIV, 2015 WL 11198241, at *3 (S.D. Fla. June 29, 2015) (holding a plaintiff sufficiently alleged a defendant owed plaintiff a duty of care in accordance with the standard of care used by similar professionals in the community apart from the contract.); *see, e.g., Gochnauer v. A.G. Edwards & Sons, Inc.*, 810 F.2d 1042, 1049 (11th Cir. 1987) ("The law is clear that a broker owes a fiduciary duty of care and loyalty to a securities investor"); *Surety Bank v. Dunbar Armored, Inc.*, 2015 WL 845590, at *6 (S.D. Fla. 2015) ("While there is some logic to this position, on closer examination it would appear that the conduct described in the complaint raises issue as to whether an armored car service owes its customers, in this case, the Bank, a duty to use reasonable care in the protection of property delivered to it for delivery to another which exists independently of any contractual obligations it may have assumed.").

"A plaintiff may maintain side-by-side negligence and contract claims based on the same underlying acts if those acts violate a legal duty independent of obligations imposed by the contract." *Remington v. Newbridge Sec. Corp.*, No. 13-60384-CIV, 2014 WL 505153, at *11 (S.D. Fla. Feb. 7, 2014). As a securities broker, Raymond James owed their customers a duty of care and loyalty. *See Gochnauer*, 810 F.2d at 1049 ("The law is clear that a broker owes a fiduciary duty of care and loyalty to a securities investor"). In Plaintiffs' negligence claim, they

allege that Raymond James owed a "duty of care in accordance with the standard of care used by similar professionals in the community under similar circumstances." ECF No. [38], at ¶ 80. Therefore, this duty was independent from the obligations imposed by the Passport Agreement. Plaintiffs have sufficiently stated a claim for negligence. Accordingly, Defendants' Motion regarding Count III is denied.

### IV.   CONCLUSION

The Court finds that Plaintiffs have stated a claims for breach of contract and negligence sufficient to survive a motion to dismiss. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss, **ECF Nos. [49]**, is **DENIED**.

2. Defendants' Answer to the Complaint is due on or before **January 14, 2019**.

**DONE AND ORDERED** in Miami, Florida this 31st day of December, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record